UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MITCHELL YOUNG, JR.,

        Plaintiff,

v.                                    Case No:  2:15-cv-297-FtM-38DNF

GLADES COUNTY DETENTION
CENTER, DEPUTY ROCHESTER,
SERGEANT CLENDENING and
SERGEANT BARNHART,

        Defendants.
_____/

## ORDER OF DISMISSAL[1]

Plaintiff, an inmate in the custody of Glades County Detention Center, initiated this case on May 11, 2015 by filing a *pro se* civil rights complaint and a motion for leave to proceed as a pauper (Doc. 1; Doc. 2).   On May 14, 2015, the Court ordered Plaintiff to show cause why this case should not be dismissed for abuse of the judicial process due to Plaintiff's failure to truthfully disclose all of his prior federal cases, as required on the complaint form (Doc. 6).    Plaintiff has filed a response (Doc. 7).

Plaintiff executed the civil rights complaint form under penalty of perjury (Doc. 1). Section III of the civil rights complaint form requires prisoners to disclose information

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.   These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the court has no agreements with any of these third parties or their Web sites.   The court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

regarding previous lawsuits initiated by them.   Specifically, it required Plaintiff to disclose whether he had initiated suits in federal court relating to the conditions of his confinement (Doc. 1 at 2).   Plaintiff checked "no." *Id.*   The Court, however, identified the following cases brought by the Plaintiff which directly related to his imprisonment or the conditions thereof: Southern District of Florida Case No. 2:14-cv-14034, Southern District of Florida Case No. 2:14-cv-14453; Southern District of Florida Case No. 2:12-cv-14073; and Southern District of Florida Case No. 2:11-cv-14185.

The inquiry concerning a prisoner's prior lawsuits is not a matter of idle curiosity, nor is it an effort to raise meaningless obstacles to a prisoner's access to the courts. Rather, the existence of prior litigation initiated by a prisoner is required in order for the Court to apply 28 U.S.C. § 1915(g) (the "three strikes rule" applicable to prisoners proceeding in forma pauperis).   Additionally, it has been the Court's experience that a significant number of prisoner filings raise claims or issues that have already been decided adversely to the prisoner in prior litigation.   Identification of that prior litigation frequently enables the Court to dispose of the successive case without further expenditure of finite judicial resources.   In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.   *See Redmon v. Lake County Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011).[2]   In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.

---

[2]  Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment[.]"

*Id.*   The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed. R. Civ. P. 11(c).   Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id.*   The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.

In his response to the Order to Show Cause (Doc. 7), Plaintiff states that he did not see how his former cases "would involve the same action" and that he has no access to the law library.   That is not a credible response.   The plain language of the complaint form did not require that Plaintiff's former cases only involve the same action; rather, it also asked whether they related to his "imprisonment or conditions thereof[.]" *Id.* Truthfully answering this question would not require legal research at a law library. Plaintiff has failed to disclose his prior cases as required by the plain instructions of the form and has failed to come forward with any persuasive reason to excuse his lack of candor.   Plaintiff's failure to fully disclose his previous lawsuits, under penalty of perjury, constitutes an abuse of the judicial process.   *See Rivera v. Allin*, 144 F.3d 719, 731 (11th

Cir. 1998), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215–16 (2007); *Schmidt v. Navarro*, 576 F. App'x 897, 898–99 (11th Cir. 2014) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(B)(2)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two prior federal actions on his complaint form).   An appropriate sanction for such abuse of the judicial process is the dismissal of the complaint.

Accordingly, this case is hereby **DISMISSED** without prejudice.   Such dismissal counts as a "strike" for the purposes of the three-strike provision of 28 U.S.C. § 1915(g). The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 3rd day of June, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:     OrlP-4
Copies:   Mitchell Young, Jr.